# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 1:23-cr-55 |
| vs. ) | |
| ) | Hon. Patricia Tolliver Giles |
| POLINA PERELMAN, ) | |
| *Defendant.* ) | Sentencing: August 24, 2023 |

## DEFENDANT'S POSITION ON SENTENCING

COMES NOW, Ms. Polina Perelman, by counsel and states she adopts the recommendation of the U.S. Attorney's office with respect to sentencing. She further states as follows:

As explained in the pre-sentence report, Ms. Polina Perelman is a hard-working Research Scientist from Russia, with a Ph.D. and 20 years' experience in her area of expertise. She was born in Russia and immigrated to the United States in 2004 with her husband. She became a permanent legal resident and had two children in the United States. Since 2004, Ms. Perelman has lived in the United States with her husband and their two children. Ms. Perelman has no criminal history–no juvenile adjudications, no adult criminal convictions, no pending charges, no other arrests, and no other criminal conduct. Ms. Perelman has no history of mental health issues or treatment, and no history of substance abuse or any prior use of illicit drugs or alcohol.

Ms. Perelman is before this Court because she failed to declare cell samples for laboratory research on a customs declaration form. She was charged with Smuggling Goods into the United States. Ms. Perelman now faces excessive punishments that threaten her status in the United States, and her ability to remain an active mother to her young children and wife. Ms. Perelman's only intent was to have her cells sequenced in the United States, not to defraud the United States, or to put anyone at risk. Due to the nature of her work and

by the United States' own admission, there are no identifiable victims to her actions. Thus, Ms. Perelman asks this Court to sentence her to probation with a modest fine.

## I. THE PLEA AGREEMENT AND SENTENCING GUIDELINES

On April 24, 2023, Ms. Perelman signed a plea agreement for one count of Smuggling Goods into the United States, in violation of 18 U.S.C. § 545, a Class C Felony. The result of this count is no more than 20 years imprisonment, a $250,000 fine, a $100 special assessment fee, and at most 3 years of supervised release.

## II. THE SENTENCING FACTORS SUPPORT PROBATION.

### a. The Nature and Circumstances of the Offense.

On August 19, 2022, Ms. Perelman flew from Russia to Washington Dulles International Airport on Turkish Airlines flight 187. After she began processing through customs, and while she was in the containment area, she completed her Customs Declaration. Ms. Perelman made a negative declaration for "meats, animals, animal/wildlife products" and "disease agents, cell cultures, snails."

When customs officers looked through Ms. Perelman's baggage, they found a Styrofoam cooler labeled "Research Samples," containing dry ice, 9 (nine) microcentrifuge tubes that appeared empty, and 10 (ten) small vials containing a yellow substance. Ms. Perelman told the officers that the vials and tubes contained cell lines and DNA samples that she planned to have sequenced in the United States. Ms. Perelman said that the samples were in a medium containing fetal bovine serum, which would technically be considered an animal product, but that the serum did not contain disease agents or anything harmful.

A Homeland Security Investigations agent questioned Ms. Perelman, where she agreed that her samples fit the definition of a cell culture. That said, she chose not to declare the samples because she was worried that customs officials may think that the vials contained a disease agent, which they did not. She did not want customs officials to seize her samples,

and, because she knew that the samples were not dangerous, she did not feel the need to declare them. She filled out the customs form in the containment area.

During questioning, Ms. Perelman told agents that her samples included biological samples of dhole and Siberian crane, both regarded as endangered under CITES and U.S. law. PIR p. 8. Under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), the trade of threatened species, including the dhole and Siberian Crane, is regulated. But Ms. Perelman was uncertain about any specific CITES rules on the animal samples. She was only aware that some of the samples *may* have been regulated. Ms. Perelman does genetic sequencing to study evolution for the Institute of Molecular and Cellular Biology. The samples were obtained by a zoo, she herself did not harvest from any animals. No animals were harmed or killed to obtain the cells.

There are no victims of Ms. Perelman's actions. Ms. Perelman brought the samples into the United States with intent to have them sequenced for her research in Russia. She did not intend to defraud anyone, and nobody lost any money, including the government. Ms. Perelman has stated that her employer does not research viruses or dangerous pathogens, nor works on military or weapon projects. Her behavior was of no security threat.

### b. Ms. Perelman's Personal History.

Ms. Perelman has a long employment history as a research scientist, explaining her need for the cells that she brought into the United States. She received her Ph.D. from the Institute of Cytology and Genetics, and a specialist degree from Novosibirsk State University. She is employed with the Institute of Molecular and Cellular Biology as a Lead Research Scientist. She has been previously employed with Siebersdorf Laborar (IAEA) in Vienna and the National Cancer Institute in Maryland as both a Research Fellow and in a fellowship position. Her long history of research in the molecular and cellular fields, and her multiple publications, indicate that she was not transporting cells for malicious purposes, but for work.

Ms. Perelman accepts responsibility for her actions, and states that the difficulty throughout the process was based on her lack of understanding of the severity of her actions. Ms. Perelman was released on her own personal recognizance, showing her awareness for the offense and an apologetic nature. She admits to not knowing that her actions were felonious, but that she now understands their severity. She has been completely cooperative. There is no evidence that Ms. Perelman is attempting to deceive anyone.

Ms. Perelman did not intend to defraud the United States by bringing to vials of DNA into the United States. She was concerned that if she declared her samples, customs officials would seize them. Although Ms. Perelman intentionally made the false denial, she did not intend to defraud the United States, only to easily have her cells sequenced easily without scrutiny from customs officials. There is no evidence that Ms. Perelman had any intent to defraud anyone, and there is no evidence that anyone was in fact defrauded by her actions.

## CONCLUSION

For these reasons, Ms. Perelman requests that the Court impose probation. Additionally, Ms. Perelman has complied with all conditions of supervision, and has tested negative for any illicit substances. Thus, she poses no threat.

Respectfully submitted,

Mark D. Cummings, VSB No. 18271
**Sher Cummings & Ellis**
3800 Fairfax Drive, Suite 7
Arlington, VA 22203
T: (703) 525-1200
F: (703) 525-0067
Email: mcummings@sherandcummings.com

*Counsel for Polina Perelman*

**CERTIFICATE OF SERVICE**

I certify that on August 17, 2023, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

_____
Mark D. Cummings, VSB No. 18271
**Sher Cummings & Ellis**
3800 Fairfax Drive, Suite 7
Arlington, VA 22203
T: (703) 525-1200
F: (703) 525-0067
Email: mcummings@sherandcummings.com

*Counsel for Polina Perelman*